## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JULIA CAVE et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-3215 |
| | ) | |
| CITY OF SPRINGFIELD et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant's Motion *in Limine* to Exclude Evidence (Doc. 52).
Plaintiffs Julia Cave and Larry Anthany Greer allege the Defendant-Officers deprived
Plaintiffs of their rights secured by the Fourth Amendment pursuant to 42 U.S.C. § 1983
when the Officers entered the Greer residence without a warrant.[1] Plaintiffs allege
physical injuries and emotional distress resulted. Plaintiffs seek indemnification by the
City of Springfield for the payment of any money judgment against the Defendant-
Officers based on Illinois law.

---

[1] Plaintiffs' remaining claims in the Complaint were summarily dismissed by the Court of Appeals. *See
Cave v. Valenti*, No. 24-2812, 2025 U.S. App. LEXIS 9405, at *14 (7th Cir. Apr. 21, 2025) (affirming denial of
qualified immunity on warrantless entry claim and reversing denial of qualified immunity for illegal
detainment and excessive force claims). It is additionally worth noting that Larry Greer, Jr., was previously
a plaintiff to this case but has since been voluntarily dismissed by Plaintiffs. (*See, e.g.*, Doc. 56 at 1).

I.     **MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**[2]

     **A. Evidence Concerning Larry Anthany Greer's School and the Juvenile Probation Office**

Defendants ask this Court to exclude "[a]llegations related to reports made to Plaintiff Larry Anthany Greer's school" and the Juvenile Probation Office (Doc. 52 at ¶ 7(c)). The specific allegations include:

> Statements that "Defendants then alerted officers and security guards providing security at Larry Anthany Greer's school, Lanphier High School, about the charge. Over the next several days, at least one such officer and two security guards took [Mr. Greer] aside and questioned him about the charge at school," and "Defendants also alerted the Juvenile Probation Office of the Sangamon County Court Services Department about the charge, and Juvenile Probation Officers then sent letters about the charge to the Greer Residence."

(*Id.*). Defendants argue "[t]hese allegations have no relevance to the remaining warrantless entry claim." (*Id.*). Plaintiffs contend the evidence "flowed from [Defendants'] warrantless entry into Plaintiffs' home" and are relevant for context and assessing emotional damages, especially as it relates to Mr. Greer. (Doc. 56 at 3–5).

"Evidence is relevant if it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is admissible unless excluded by law or the Federal Rules of Evidence. Fed. R.

---

[2] Plaintiffs do not oppose Defendants' Motion excluding the following categories of evidence: "Statements made by Officer Buscher related to deaths at the hands of police officers or swearing at Plaintiffs" (Doc. 52 at ¶ 7(b)); "Any statements regarding an unlawful search of the residence" (*Id.* at ¶ 7(d)); "Any references to an unlawful and unreasonable seizure of the Plaintiffs" (*Id.* at ¶ 7(f)); and "Any references to arresting Larry Greer Jr. outside the Greer residence and subsequently detaining him without probable cause and using unreasonable force" (*Id.* at ¶ 7(j)). (Doc. 56 at 2 n.1). As a result, those categories of evidence are excluded. Evidence concerning Ms. Cave's lupus flare-up will be discussed prior to trial.

Evid. 402. One such rule is Rule 403, which provides a court discretion to "exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, [or] misleading the jury," among other dangers. Here, the reports made to the school and Mr. Greer's interaction with the school security guards, as well as the subsequent letters from the Juvenile Probation Office, are relevant and are probative of Mr. Greer's alleged emotional damages stemming from the entry.

But while Defendants do not state directly why the otherwise relevant evidence should be excluded under Rule 403, *see Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("'[S]keletal' arguments may be properly treated as waived . . . [as] [t]he underlying concern is to ensure that the opposing party is not prejudiced by being denied sufficient notice to respond to an argument"), the Court finds the probative value of the evidence is substantially outweighed by the risk of confusing the jury and unfair prejudice, and is too attenuated from the alleged constitutional deprivation to permit a recovery of damages under Section 1983.

"The 'basic purpose' of damages under § 1983 is to 'compensate persons for injuries that are caused by the deprivation of constitutional rights.'" *Martin v. Marinez*, 934 F.3d 594, 598, 605–06 (7th Cir. 2019) (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978)) (damages arising from events attenuated from the constitutional violation at issue are not recoverable). Here, Plaintiffs intend to convince the jury that "Defendants [] were responsible for the falsified narrative about: (1) Larry Anthany [Greer] being armed with a 'deadly weapon' outside the house, acting in an unruly manner; and (2) that they were

allegedly responding [to] a call of a person armed outside with a weapon," and how this "falsified narrative" created by the Defendant-Officers negatively affected Mr. Greer at school. (Doc. 56 at 4–5). The Defendant-Officers' allegedly falsified reports sent to Mr. Greer's school concerning his arrest and subsequent charges, however, are not at issue in this case. Furthermore, the evidence concerning the conduct of the school security guards (and the Juvenile Probation Office), while confusing, may also potentially inflame the jury. To the extent then that this evidence, much attenuated from the constitutional violation itself, is probative of Mr. Greer's emotional damages in that he "stopped attending school," the relatively little probative value the evidence has is substantially outweighed by its dangers and is otherwise barred from recovery under Section 1983. The Court grants Defendants' request to exclude any references to Defendants notifying Mr. Greer's school, the events occurring at the school, and the letters from the Juvenile Probation Office.

### B. Statements Related to the Family Dog

Defendants seek to exclude "[a]ny references [or statements concerning the Officers] threatening to shoot the family dog in the presence of Julia Cave and Larry Anthany Greer." Defendants again argue that "this has no relevance to the warrantless entry claim" while also broadly citing Rule 403. (Doc. 52 at ¶¶ 7(e), 7(g), 8–9). Plaintiffs argue that the threats "happened *during* the Defendants' improper entry into the Plaintiffs' home and would never have occurred had Springfield Police Department officers not entered, weapons drawn[.]" (Doc. 56 at 5 (emphasis in original)). Plaintiffs

point out that "Larry Anthany [Greer] testified: 'I could hear my mom in the back telling them to please don't shoot my dog.'" (*Id.*). The Court agrees with Plaintiffs. The evidence is plainly relevant, provides context to the dramatic nature of the entry, and is highly probative to assessing emotional damages—whatever unfair prejudicial effect that may arise does not substantially outweigh the evidence's probative value. *See* Fed. R. Evid. 401, 403; *see also Henning v. Nicklow*, No. 08-cv-180, 2009 U.S. Dist. LEXIS 101277, at *11–12 (N.D. Ind. Oct. 30, 2009) (allowing recovery of emotional damages under § 1983 suit stemming from officer shooting Plaintiffs' pet dog); *Saathoff v. Davis*, No. 13-cv-2253, 2015 U.S. Dist. LEXIS 193718, at *17 (C.D. Ill. June 29, 2015) (same); *Mason v. Green Cty.*, No. 19-cv-83, 2020 U.S. Dist. LEXIS 155735, at *9–10 (W.D. Wis. Aug. 27, 2020) (allowing same stemming from pet cat escaping Plaintiff's house after unlawful entry). Therefore, Defendants' request to exclude the evidence relating to the family dog is denied.

### C. Detention and Unreasonable Force

Defendants move to broadly exclude any references to detaining Larry Anthany Greer and Julia Cave "inside the Greer residence" and Defendant-Officers' use of unreasonable force in their detainment of each. (Doc. 52 at ¶¶ 7(h)–(i)). Defendants state in support that the evidence is irrelevant to the warrantless entry claim while additionally citing Rule 403. Plaintiffs submit that "the unlawful detention claims are not at issue in this case, but proffer that the unreasonable force . . . that Defendants used during the warrantless entry (tackling Larry Anthany [Greer] and pushing Julia [Cave] out of her house), and immediately after, [are] all causally and directly related to the warrantless

entry itself." (Doc. 56 at 5–6). And that if the jury finds the Officers' entry into the home was constitutionally unreasonable, the jury "should be able to consider the harm and actions that flowed directly from the entry itself." (*Id.* at 6).

Any evidence of force used by the Officers to enter the home or during their entry is admissible. This, of course, additionally includes Larry Anthany Greer's detainment on the couch and the manner in which Ms. Cave was removed from the house. While Plaintiffs' Section 1983 claims concerning her detainment and Officers' use of force were summarily dismissed, *see Cave v. Valenti*, No. 24-2812, 2025 U.S. App. LEXIS 9405, at *14 (7th Cir. Apr. 21, 2025), the evidence is highly probative to assessing any injuries proximately resulting from the remaining warrantless entry claim. Ms. Cave, for one, would not have been detained outside her home had the Officers not entered the home, caused her distress, and pushed her out. *See Martin*, 934 F.3d at 600 ("[F]oreseeable damages arising from a constitutional violation may be recovered[.]"). Evidence of the alleged excessive force used in restraining Ms. Cave outside (Ms. Cave's statement concerning the tightened handcuffs for example) is then also admissible. "[H]arm proximately caused by [constitutional violations] may overlap." *Cty. of Los Angeles v. Mendez*, 581 U.S. 420, 431 (2017) (explaining that the plaintiffs may not recover on their excessive force claim, but "that will not foreclose recovery by injuries proximately caused *by the warrantless entry*"). The evidence here is a proximate result of the Fourth Amendment violation at issue: the warrantless entry. Defendants' request to exclude these two categories of evidence is denied.

II.    **CONCLUSION**

Based on the foregoing reasons, Defendants' Motion *in Limine* to Exclude Evidence (Doc. 52) is GRANTED in part and DENIED in part.

ENTER: 9/22/2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE